IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-3993 |
| JANICE GILMORE, *et al.*, | * | |
| Defendants | * | |

***

# MEMORANDUM

Defendants Wexford Health Sources, Inc., and Janice Gilmore[1] filed a motion to dismiss or, in the alternative, motion for summary judgment, as supplemented. ECF 20, 22,[2] & 25. Plaintiff has responded[3] (ECF 23), and defendants have replied. ECF 26. Upon review of the papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the motion will be granted.

## Background

This case was instituted upon receipt of a civil rights complaint filed pursuant to 42 U.S.C. § 1983 from plaintiff James Henson, an inmate held at the Western Correctional Institution ("WCI"). ECF 1.[4] Plaintiff claims he is the subject of a "hit" and is treated with racial animus by inmates and correctional staff. *Id.* Plaintiff claims that Janice Gilmore, whom he identifies as the Regional Healthcare Manager for the Department of Public Safety and Correctional Services

---

[1] Plaintiff also named Barbara Newlon, former regional healthcare manager as a defendant (ECF 1 at 1) but service was not effected upon her. For the reasons that follow, plaintiff's complaint against Newlon is subject to dismissal.

[2] Defendants' Motion to Amend/Correct the dispositive motion (ECF 22) shall be granted.

[3] Plaintiff's response does not address the issues raised in Defendants' motion.

[4] Attached to the complaint as "exhibits" are documents from other civil cases filed by plaintiff. ECF 1-1. Most of the documents do nothing to illuminate plaintiff's claims of denial of medical care against the three named defendants in this case. Plaintiff has attached a letter dated December 18, 2015, directed to Janice Gilmore indicating that he needs medication and asking her to authorize sick calls be made in his cell. *Id.* at ECF 1-1 at 5. Someone responded to the letter on January 6, 2016, advising plaintiff that if he needed medication he should submit a sick call slip. *Id.*

("DPSCS"), Barbara Newlon, whom he identifies as the former DPSCS Regional Healthcare Manager, and Wexford Health Sources are deliberately indifferent to his serious medical needs. ECF 1 at 4. He claims that defendants "blatantly, knowingly disregard an excessive risk to [his] health, safety and welfare." *Id*. He does not explain how the named defendants have disregarded his health, safety, or welfare. Additionally, he complains about his "prolonged years in solitary confinement" but does not explain how the named defendants are responsible for the same. *Id*. Plaintiff filed a "Supplemental Complaint" (ECF 6), which is a copy of an administrative remedy grievance he filed raising the same conclusional statements regarding the named defendants' alleged deliberate indifference to his serious medical needs. *Id*.

The following facts are undisputed or construed in favor of plaintiff, unless otherwise noted. Janice Gilmore avers that she was employed as the Regional Administrator for Wexford Health Sources, Inc. ECF 20-2, ¶ 1. She is not a clinician and does not prescribe, administer, or approve medications. *Id*., ¶ 3. Gilmore avers that she has no personal knowledge of appointments where plaintiff's treatment was discussed and that she was not involved in his treatment in any way. *Id*., ¶ 4. She states that if she had received a complaint from Plaintiff, then she would have directed him to use the sick call process. *Id*. ¶ 5. She indicates that she has no personal knowledge of a "hit" placed on him and has no personal knowledge of any racist conduct directed toward him. *Id*. at ¶¶ 6 & 7. Defendants have submitted 117 pages of plaintiff's pertinent medical records, which demonstrate that he is seen regularly by medical providers. ECF 22-1; ECF 25-1.

**Applicable Legal Standards**

A. **Motion to Dismiss**

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B. **Motion for Summary Judgment**

Summary judgment is governed by Federal Rule of Civil Procedure 56(a), which provides in part,

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson*, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the

4

burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978); *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Further, in the absence of subjective knowledge, a prison official is not liable. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services*, 316 F. App'x 279, 282 (4th Cir. 2009).

It is evident that Janice Gilmore and Barbara Newlon as Regional Health Care Managers for Wexford are not responsible for the day-to-day provision of medical care to inmates. As such, plaintiff's efforts to hold them liable as supervisory officials must fail. Plaintiff has failed to allege, much less demonstrate, any direct involvement by Gilmore, Newlon, or Wexford in the

provision or denial of health care to plaintiff.  As such, plaintiff's claims against the named defendants are subject to dismissal.

Defendant Gilmore and Wexford's dispositive motion will be granted.  Plaintiff's complaint against Newlon shall be dismissed.  A separate Order follows.

Dated this 20th day of February, 2018 .

                              FOR THE COURT:

                              _____/s/_____
                              James K. Bredar
                              Chief Judge